Deaderick, J.,
delivered the opinion of the court.
*697 Complainant Johnson was appointed guardian of David Henry, a lunatic, by the County Court of Eob-ertson County, in April, 1870.
Soon thereafter he filed a petition in that court, to sell enough of the personal property of his ward to pay his debts, alleging that he owed debts, and that there was personal property on hand not needed for the support of his family.
An order was made by the county court directing the guardian to sell certain specified articles, including about $300 worth of personal property which was by law exempt from execution.
The property was sold and the proceeds applied to the payment of the debts of the lunatic, — when contracted, or for what, does not appear.
Afterward, Nov. 5th, 1870, David Henry died, leaving a widow and several children, and both real and personal estate.
Johnson administered upon his estate, and filed his bill in the chancery court for a settlement of the estate, and a partition of the lands, — Johnson’s wife being one of the children of the deceased.
The widow answered the bill, and filed her cross-bill asking that dower in the real estate be assigned to her, together with a sufficient amount of the personal estate for her year’s support, and also praying that the complainant Johnson, in his individual or representative character, be held to account to Éer for the proceeds of the sale of the exempt property sold by him as guardian, — this upon the ground that, as widow, she was entitled to the exempt property, *698 and that it was sold by the guardian of her husband to prevent its going into her hands at his death, and that her husband could not have sold the property, even if sane, so as to deprive her of her right which the law gives her and her children in such property.
There is nothing in the record to impugn the good faith of Johnson in making the sale of the property, and it is admitted that the proceeds were applied in the liquidation of debts due from the lunatic.
From the admissions in the record, and in the absence of anything to the contrary, we must take it that the debts so paid were a legal charge upon the estate.
There is nothing in the statutes that give exempt property to the widow and protect it from execution in the hands of the owner, which restrains him from selling or disposing of it in his lifetime.
The Chancellor’s decree declared that the widow was entitled to dower in the lands of which her husband died seized and possessed and appointed commissioners to allot the same tó her. It also adjudged that she was entitled to certain specific articles for her year’s support, designating the amount or quantity of each. But the Chancellor declared that she was not entitled to recover the value of the exempt articles sold by the guardian, and he dismissed her cross-bill as to this claim, from which she appealed to this court.
Without discussing what liability, if any, was incurred by the guardian, in the sale of - the lunatic’s property, we are of opinion that the Chancellor’s decree, disallowing the widow’s claim to the proceeds of the sale of the exempt property, was correct.
*699 The property bad been sold and delivered to the purchasers, and been paid for by them, in the lifetime of the intestate.
Much of it was of a perishable nature, and was doubtless consumed in his lifetime.
At all events, it was not on hand, as part of his estate, at the time of the intestate’s death, and his widow’s .right to take and hold it under the statute, depended upon this.
We are therefore of opinion that the Chancellor’s decree upon the point appealed from was correct, and affirm it.
The case will be remanded to the chancery oourt to be proceeded in upon the matters not yet finally adjudicated, and the complainant in the cross-bill will pay the costs of this court.